UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 22-2151 JGB (SHKx)** | Date | August 1, 2023 |
| Title | ***GS Holistic, LLC v. Xhale Smoke Shop Inc., et al.*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    Order to Show Cause (IN CHAMBERS)

On December 2, 2022, Plaintiff filed its complaint against Defendants Xhale Smoke Shop Inc., Rocky Atalla, and Clark E. Rogers. ("Complaint," Dkt. No. 1.) On March 6, 2023, Plaintiff filed a proof of service upon Defendant Xhale Smoke Shop Inc. ("Xhale Proof of Service," Dkt. No. 15.) On April 6, 2023, Plaintiff filed a request for the Clerk to enter default against Defendant Xhale Smoke Shop Inc. ("Default Request," Dkt. No. 17.) On April 17, 2023, the Clerk entered default against Defendant Xhale Smoke Shop Inc. ("Entry of Default," Dkt. No. 18.) On April 28, 2023, Plaintiff filed a proof of service upon Defendant Clark E. Rogers, indicating that service was effectuated on April 17, 2023, and an answer was due May 8, 2023. ("Rogers Proof of Service," Dkt. No. 21.) On May 1, 2023, the filing was flagged for deficiencies by the Clerk. (Dkt. No. 22.)[1] Since then, there has been no activity in this case.

Absent a showing of good cause, an action must be dismissed without prejudice if the summons and complaint are not served on a defendant within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). Generally, defendants must answer the complaint within 21 days after

---

[1] The Clerk indicated that the "Judge's initials are incorrect," in that the filing includes a case number ending in "SP," not "JGB (SHKx)." The error is understandable because this case was originally assigned to the Magistrate Judge Direct Assignment Program and was randomly assigned to Judge Sheri Pym. (*See* Dkt. No. 5.) No amended or corrected document is necessary; the Court accepts the filing as currently presented.

service (60 days if the defendant is the United States).  Fed R. Civ. P. 12(a)(1).  In the present case, it appears that one or more of these time periods has not been met.

Additionally, Rule 41(b) of the Federal Rules of Civil Procedure grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders.  See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016).  A plaintiff must prosecute her case with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b).  Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976).  Here, it appears that Plaintiff may have failed to prosecute this case with reasonable diligence because the case has been dormant for over two months.

Accordingly, the Court, on its own motion, orders Plaintiff to show cause in writing on or before **August 10, 2023** why this action should not be dismissed for lack of prosecution and/or failure to effectuate service.  The Court finds that this matter is appropriate for submission without oral argument and the Order to Show Cause ("OSC") will stand submitted upon the filing of a responsive pleading or motion on or before the date upon which a response by Plaintiff is due.  See Fed. R. Civ. P. 78.  Failure to timely or adequately respond to this OSC may, without further warning, result in the dismissal of the entire action without prejudice.

**IT IS SO ORDERED.**